UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) No.  2:14-CR-0055-JLQ |
| | ) |
| vs. | ) MEMORANDUM OPINION RE: |
| | ) SENTENCING GUIDELINE |
| | ) CALCULATION |
| ERIBERTO MARTINEZ-VARGAS, | ) |
| aka HERIBERTO MARTINEZ-VARGAS, | ) |
| | ) |
| Defendant. | ) |
| ———————————————— | ) |

On June 6, 2014, the Defendant was sentenced pursuant to his Fast Track plea to illegal reentry as an alien into the United States after deportation in violation of 8 U.S.C. § 1326.  This Memorandum Opinion explains the court's United States Sentencing Guideline calculation and application of the 16-level enhancement for the Defendant's prior Washington state conviction for Riot with a Deadly Weapon (pursuant to RCW 9A.84.010).

The abbreviated Presentence Report applies a 16-level crime-of-violence enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). (PSR, ECF No. 20 at ¶ 5). The PSR is uncontested; however, the court may not "simply [take] the PSR's characterization" of the Defendant's offense as a crime of violence "at face value." *U.S. v. Castillo-Marin*, 684 F.3d 914, 920 n.5 (9th Cir. 2012). The categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990) applies to the determination of whether a defendant's prior offense constitutes a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).  Though *Taylor* requires the court analyze the statute of

ORDER - 1

conviction, it is ultimately the Government's burden to "establish clearly and unequivocally that the conviction was based upon all of the elements of a qualifying predicate offense." *U.S. v. Lee*, 704 F.3d 785, 789 (9th Cir. 2012).

## 1.   Categorical Analysis

The commentary to § 2L1.2 states that an offense qualifies as a crime of violence if it either constitutes one of particular enumerated crimes, none of which are relevant here, or "...other [felony] offense under state or federal law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii) (emphasis added).  To meet that definition, the physical force involved must be "violent force—that is, force capable of causing physical pain or injury to another person." *U.S. v. Dominguez-Maroyoqui*, 2014 WL 134472 (9th Cir. 2014) (*citing Johnson v. United States*, 559 U.S. 133 (2010)). Application Note 5 to § 2L1.2 states that "offenses of aiding and abetting, conspiring, and attempting to commit such offenses" also are included.

At the time of the offense, Wash.Rev.Code § 9A.84.010 provided that:

"(1) [a] person is guilty of the crime of riot if, acting with three or more other persons, he or she knowingly and unlawfully uses or threatens to use force, or in any way participates in the use of such force, against any other person **or against property**."
(2)...
(b) The crime of riot is a class C felony if the actor is armed with a deadly weapon.

Wash.Rev.Code § 9A.84.010.

Force combined with a deadly weapon meets the type of violent force required by *Johnson*.  *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009) (California assault offense of touching someone with a deadly weapon qualifies as crime of violence because "it demonstrates at a minimum the threatened use of actual force").  However, because a defendant can be convicted of felony riot under Wash.Rev.Code § 9A.84.010 for force "against property," the conviction cannot *categorically* qualify as a crime of violence.   *See   U.S.   v.   Franetich*,   344   Fed.Appx.   416,   418   (9th   Cir.

ORDER - 2

1  2010)(unpublished)(affirming Judge Shea's decision that the crime of conviction was
2  "overbroad" under the categorical approach).

3  **2.     Wash.Rev.Code § 9A.84.010 is Divisible**

4  Under *Descamps v. United States*, 133 S.Ct. 2276 (2013), the Washington riot
5  statute is divisible because it  "sets out one or more elements of the offense in the
6  alternative" (here, using the disjunctive "or") "with one statutory phrase corresponding
7  to the generic crime and another not."  133 S.Ct. at 2286.  Accordingly, the court may
8  employ the modified categorical approach to "identify, from among several alternatives,
9  the crime of conviction so that the court can compare it to the generic offense."
10  *Descamps*, 133 S.Ct. at 2285.

11  **3.     Modified Categorical Approach**

12  Under the modified categorical approach and *Shepard v. United States*, 544 U.S.
13  13 (2005), the court may examine a "limited class of documents" to determine whether
14  the Defendant's conviction necessarily rested upon force against a person or property.
15  This "limited class of documents" does not include a PSR.  Moreover, although the PSR
16  at ¶ 30 quotes from a *Shepard*-approved charging document, the information in the PSR
17  does not confirm that the Defendant was in fact convicted in accordance with the charge.
18  *See United States v. Chavaria–Angel*, 323 F.3d 1172, 1176 (9th Cir. 2003)("To be sure,
19  in this circuit, district courts may not rely exclusively on the charging documents or the
20  presentence report as evidence of a prior conviction.).  Accordingly, on May 19, 2014,
21  the court entered an Order stating:

22  
23  Should the parties intend to proceed with a Fast Track plea and sentencing, the Government shall serve and file (in advance of the hearing) the "judicially noticeable documents" that are appropriate for consideration by the court at sentencing for analysis of the applicability of the sentencing enhancement ...
24  
25  (ECF No. 24 at 2).  No *Shepard* documents were filed.  According to counsel for the
26  Government, she was unaware of the court's Order.  Although the court could have
27  rejected the 16-level enhancement based upon this failure of proof, the state court

28  ORDER - 3

1   records were made available to the court, as they were already part of the federal

2   probation officer's file. *See U.S. v. Pimentel-Flores*, 339 F.3d 959 (2003). Attached to

3   this Order are the Spokane County Amended Information filed 8/28/2012 and Spokane

4   County Superior Court Felony Judgment filed 8/29/2012. The Amended Information

5   alleges the use of force against a human being with a deadly weapon. The Felony

6   Judgment and Sentence states the Defendant pleaded guilty on 8/28/2012 to "Count No.

7   1" "Riot-Domestic Violence" "to the Amended Information." This record "clearly and

8   unequivocally" establishes the Defendant's conviction under Wash.Rev.Code §

9   9A.84.010 qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

10      It is the Government's burden to establish the record which affirmatively shows

11  that the enhancement to the Defendant's offense level is warranted under the Sentencing

12  Guidelines — an uncontested presentence investigation report is not always sufficient.

13  To avoid sentencing delays, the Government should tender its *Shepard* evidence to the

14  court and defense counsel well in advance of sentencing.

15      The Clerk of the court shall enter this Order and provide copies to counsel and the

16  U.S. Probation Office.

17      Dated this 9th day of June, 2014.

18                          s/ Justin L. Quackenbush
                        JUSTIN L. QUACKENBUSH
19              SENIOR UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28  ORDER - 4

# FILED

AUG 2 8 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF SPOKANE

| | | |
|---|---|---|
| STATE OF WASHINGTON | ) | AMENDED |
| | ) | INFORMATION |
| Plaintiff, | ) | |
| | ) | No.    12-1-02721-9 |
| v. | ) | JOHN E. LOVE |
| | ) | Deputy Prosecuting Attorney |
| HERIBERTO MARTINEZ-VARGAS | ) | |
| MM 03/29/84 | ) | PA#   12-9-46085-0 |
| | ) | RPT#  001-12-0247542 |
| Defendant(s). | ) | RCW  9A.84.010FDV-F (#13102) |
| | ) | (AMINF) |
| | ) | |

Comes now the Prosecuting Attorney in and for Spokane County, Washington, and charges the defendant(s) with the following crime(s):

RIOT, committed as follows:  That the defendant, HERIBERTO MARTINEZ-VARGAS, in the State of Washington, on or about August 03, 2012, being armed with a club, a deadly weapon, while acting with three or more persons, did knowingly and unlawfully, use and threaten to use force against a human being, and furthermore, the defendant did commit the above crime against a family or household member, as defined by RCW 10.99.020,

_____
Deputy Prosecuting Attorney
WSBA # 26748

**DEFENDANT INFORMATION:**        HERIBERTO MARTINEZ-VARGAS
Address:   4003 E PACIFIC AVE SPOKANE WA 99202-4942
Height: 5'11"              Weight: 204              Hair:  Blk
Eyes:  Bro                 DOL #:                   State:
SID #:                     DOC #:                   FBI NO.

---

**AMENDED INFORMATION**                                    Page 1
**AMINF**

| | |
|---|---|
| COURT COSTS | |
| VICTIM ASSESS | 500— |
| RESTITUTION | |
| FINE | |
| ATTY FEES | |
| SHERIFF COSTS | |
| METH | |
| DNA FEE | |
| CRIME LAB | |
| OTHER COST | |
| | $ 500— |

**FILED**

AUG 2 9 2012

THOMAS R. FALLQUIST
SPOKANE COUNTY CLERK

**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF SPOKANE**

| STATE OF WASHINGTON | ) | No.   12-1-02721-9 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | PA#   12-9-46085-0 |
| | ) | RPT#  001-12-0247542 |
| v. | ) | RCW  9A.84.010FDV-F (#13102) |
| | ) | |
| HERIBERTO MARTINEZ-VARGAS | ) | **Felony Judgment And Sentence** |
| MM 03/29/84 | ) | **Jail One Year or Less** |
| | ) | **(FJS)** |
| Defendant. | ) | [ X ] Clerk's Action Required, 2.1, 4.1, 4.3, 5.2, 5.3, 5.5, and 5.7 |
| | ) | [  ] Defendant Used Motor Vehicle |
| SID: | ) | [  ] Juvenile Decline [  ] Mandatory [  ] Discretionary |

## I. Hearing

1.1   The court conducted a sentencing hearing this date; the defendant, the defendant's lawyer and the (deputy) prosecuting attorney were present.

## II. Findings

2.1   **Current Offenses:** The defendant is guilty of the following offenses, based upon
[✓] guilty plea (date) 8/8/12 [ ] jury verdict (date) _____ [ ] bench trial (date) _____:

Count No.: I   **RIOT-DOMESTIC VIOLENCE**
**RCW 9A.84.010FDV-F (#13102)**
**Date of Crime August 03, 2012**
**Incident No. 001-12-0247542**

Class: FA (Felony-A), FB (Felony-B), FC (Felony-C)
(If the crime is a drug offense, include the type of drug.)

to the Amended Information

[  ]   Additional current offenses are attached in Appendix 2.4a.

**12906441-5**

The jury returned a special verdict or the court made a special finding with regard to the following:

[ ]   The defendant used **a firearm** in the commission of the offense in Count(s) _____. RCW 9.94A.602, 9.94A.533.

[ ]   The defendant used **a deadly weapon other than a firearm** in committing the offense in Count(s) _____. RCW 9.94A.602, 9.94A.533.

[ ✓ ]   For crime(s) charged in Count _____, **domestic violence** was pled and proved. RCW 10.99.020. (For offenses pled and proven on or after August 1, 2011.)

[ ]   Count _____ is a **criminal street gang**-related felony offense in which the defendant compensated, threatened, or solicited **a minor** in order to involve that minor in the commission of the offense. RCW 9.94A.833.

[ ]   Count _____ is the crime of **unlawful possession of a firearm.** The defendant was a **criminal street gang** member or associate when the defendant committed the crime. RCW 9.94A.702, 9.94A.____.

[ ]   The defendant committed **vehicular assault** proximately caused by driving a vehicle while under the influence of intoxicating liquor or drug or by operating a vehicle in a reckless manner. The offense is, therefore, deemed a violent offense. RCW 9.94A.030.

[ ]   The defendant has a **chemical dependency** that has contributed to the offense(s). RCW 9.94A.607.

[ ]   Count _____ is a felony in the commission of which the defendant used a **motor vehicle.** RCW 46.20.285.

[ ]   Counts _____ encompass the same criminal conduct and count as one crime in determining the offender score (RCW 9.94A.589)

[ ]   **Other current convictions listed under different cause numbers used in calculating the offender score are** (list offense and cause number):

| | Crime | Cause Number | Court (county & state) |
|---|---|---|---|
| 1. | | | |
| 2. | | | |

*DV: Domestic Violence was pled and proved.

[ ]   Additional current convictions listed under different cause numbers used in calculating the offender score are attached in Appendix 2.1b.

**2.2    Criminal History:**

| Crime | Date of Crime | Type of Crime | Adult or Juv | Sentencing Court (County & State) | Date of Sent. | DV* Yes |
|---|---|---|---|---|---|---|
| NO PRIOR FELONIES | | | | | | |
| | | | | | | |
| | | | | | | |

*DV: Domestic Violence was pled and proved.

[ ]   Additional criminal history is attached in Appendix 2.2

[ ]   The defendant committed a current offense while on community placement/community custody (adds one point to score). RCW 9.94A.525.

[  ]   The prior convictions listed as number(s) _____ above, or in appendix 2.2, are one offense for purposes of determining the offender score (RCW 9.94A.525).

**2.3   SENTENCING DATA:**

| CT NO | Offender Score | Seriousness Level | Standard Range (not including enhancements) | Plus enhance-ments* | Total Standard Range (including enhancements) | Maximum Term |
|-------|----------------|-------------------|----------------------------------------------|---------------------|------------------------------------------------|--------------|
| 1 | 0 | Unranked | 0 – 12 mos | — | 0 – 12 mos | 5 yr |
|   |   |   |   |   |   |   |
|   |   |   |   |   |   |   |

*(F) Firearm, (D) Other deadly weapons, (CSG) criminal street gang involving minor.

[  ]   Additional current offense sentencing data in Appendix 2.3.

**2.4   [  ]   Exceptional Sentence:** The Court finds substantial and compelling reasons that justify an exceptional sentence:

[  ] below the standard range for Count(s)____.

[  ] above the standard range for Count(s) _____.

[  ] The defendant and state stipulate that justice is best served by imposition of the exceptional sentence above the standard range and the court finds the exceptional sentence furthers and is consistent with the interests of justice and the purposes of the sentencing reform act.

[  ] Aggravating factors were [  ] stipulated by the defendant, [  ] found by the court after the defendant waived jury trial, [  ] found by jury by special interrogatory.

[  ] within the standard range for Count(s) _____, but served consecutively to Count(s) _____.

Findings of fact and conclusions of law are attached in Appendix 2.4.  [  ] Jury's special interrogatory is attached.  The Prosecuting Attorney [  ] did [  ] did not recommend a similar sentence.

**2.5   Legal Financial Obligations/Restitution.** The court has considered the total amount owing, the defendant's past, present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. (RCW 10.01.160). The court makes the following specific findings:

[  ]   The following extraordinary circumstances exist that make restitution inappropriate (RCW 9.94A.753): _____

[  ]   The defendant has the present means to pay costs of incarceration.  RCW 9.94A.760.

### III.  Judgment

**3.1**   The defendant is *guilty* of the Counts and Charges listed in paragraph 2.1 and Appendix 2.1

**3.2**   [  ]   The defendant is found **NOT GUILTY** of Counts _____

[  ]   The Court **DISMISSES** Counts in the charging document.

## IV. Sentence And Order

***It Is Ordered:***

**4.1 Confinement.** The court sentences the defendant as follows:

    (a)    **Confinement.** RCW 9.94A.589. A term of total confinement in the custody of the county jail:

    *25* ~~(days)~~ ~~(months)~~ on Count No. *1*;

    _____ (days) (months) on Count No. _____;

    _____ (days) (months) on Count No. _____.

Actual number of ~~months~~ *days* of total confinement ordered is: *25 days*.

All counts shall be served concurrently, except for the following which shall be served consecutively: _____.

The sentence herein shall run consecutively with the sentence in cause number(s) _____ but concurrently to any other felony cause not referred to in this Judgment. RCW 9.94A.589

Confinement shall commence immediately unless otherwise set forth here:_____

[ ]   ***Partial Confinement.*** The defendant may serve the sentence, if eligible and approved, in partial confinement in the following programs, subject to the following conditions: _____

[ ]   work crew RCW 9.94A.725 [ ] home detention RCW 9.94A.731,.190
[ ]   work release RCW 9.94A.731

    [ ]   ***Conversion Of Jail Confinement*** (**Nonviolent and Nonsex Offenses**). RCW 9.94A.680(3). The county jail is authorized to convert jail confinement to an available county supervised community option, to reduce the time spent in the community option by earned release credit consistent with local correctional facility standards, and may require the offender to perform affirmative conduct pursuant to RCW 9.94A.
    [ ] The defendant shall receive credit for time served in an available county supervised community option prior to sentencing. The jail shall compute time served.
[ ]   **Alternative Conversion.** RCW 9.94A.680. _____days of total confinement ordered above are hereby converted to _____ hours of community restitution (service) (8 hours = 1 day, nonviolent offenders only, 30 days maximum) under the supervision of the Department of Corrections (DOC) to be completed on a schedule established by the defendant's community corrections officer but not less than _____ hours per month.

[ ]   ***Alternatives to total confinement*** were not used because of: _____

        [ ] criminal history  [ ] failure to appear (finding required for nonviolent offenders only) RCW 9.94A.680

(b)    ***Credit for Time Served:*** The defendant shall receive credit for time served prior to sentencing if that confinement was solely under this cause number. RCW 9.94A.505. ~~The jail shall compute time served.~~  *25 days*

**4.2**    **Community Custody.** RCW 9.94A.505, .702
(A) The defendant shall serve _____ months (up to 12 months) in community custody.

The court may order community custody under the jurisdiction of DOC for up to 12 months if the defendant is convicted of a violent offense, a crime against a person under RCW 9.94A.411, or felony violation of chapter 69.50 or 69.52 RCW or an attempt, conspiracy or solicitation to commit such a crime. For offenses committed on or after June 7, 2006, the court shall impose a term of community custody under RCW 9.94A.701 if the offender is guilty of failure to register (second or subsequent offense) under RCW 9A.44.130(11)(a) and for offenses after June 12, 2008 for unlawful possession of a firearm with a finding that the defendant was a member or associate of a criminal street gang. The defendant shall report to DOC not later than 72 hours after release from custody at the address provided in open court or by separate document.

(B)    While on community custody, the defendant shall: (1) report to and be available for contact with the assigned community corrections officer as directed; (2) work at DOC-approved education, employment and/or community restitution (service); (3) notify DOC of any change in defendant's address or employment; (4) not consume controlled substances except pursuant to lawfully issued prescriptions; (5) not unlawfully possess controlled substances while on community custody; (6) not own, use or possess firearms or ammunition; (7) pay supervision fees as determined by DOC; (8) perform affirmative acts as required by DOC to confirm compliance with the orders of the court; and (9) abide by any additional conditions imposed by DOC under RCW 9.94A.704 and .706. The defendant's residence location and living arrangements are subject to the prior approval of DOC while on community custody.

The court orders that during the period of supervision the defendant shall:

[ ] consume no alcohol.

[ ] have no contact with: _____

[ ] remain [ ] within [ ] outside of a specified geographical boundary, to-wit:

_____

[ ] participate in the following crime-related treatment or counseling services:

_____

[ ] undergo an evaluation for, and fully comply with, treatment for [ ] domestic violence

[ ] substance abuse [ ] mental health [ ] anger management.

[ ] comply with the following crime-related prohibitions: _____

_____

[ ] Other conditions: _____

_____

(C) The conditions of community custody shall begin immediately upon release from confinement unless otherwise set forth here: _____.

Court Ordered Treatment:  If any court orders mental health or chemical dependency treatment, the defendant must notify DOC and the defendant must release treatment information to DOC for the duration of incarceration and supervision. RCW 9.94A.562.

**4.3    Legal Financial Obligations:**  The defendant shall pay to the clerk of this court:

JASS CODE

PCV    $500.00 Victim Assessment RCW 7.68.035

PDV    $_____ Domestic Violence Assessment RCW 10.99.080

CRC    $200.00 Court costs, including: RCW 9.94A.760, 9.94A.505, 10.01, .160, 10.46.190

| | | |
|---|---|---|
| Criminal Filing fee | $_____ | FRC |
| Witness costs | $_____ | WFR |
| Sheriff service fees | $_____ | SFR/SFS/SFW/WRF |
| Jury demand fee | $_____ | JFR |
| Extradition costs | $_____ | EXT |
| Other | $_____ | |

PUB    $_____ Fees for court appointed attorney RCW 9.94A.760

WRF    $_____ Court appointed defense expert and other defense costs RCW 9.94A.760

$_____ DUI fines, fees and assessments

MTH    $_____ Meth/Amphetamine Cleanup Fine, $3000.  RCW 69.50.440, 69.50.401(a)(1)(ii)

CLF    $_____ Crime lab fee [  ] suspended due to indigency RCW 43.43.690

$_____100____ DNA collection fee RCW 43.43.7541

FPV    $_____ Specialized forest product RCW 76.48.140

$_____ Other fines or costs for:_____

RTN/RJN    $_____ Emergency response costs (Vehicular Assault, Vehicular Homicide Felony DUI only, $1,000 maximum) RCW 38.52.430

RTN/RJN    $_____ Restitution to: _____

$_____ Restitution to: _____

$_____ Restitution to: _____
(Name and Address-address may be withheld and provided confidentially to Clerk's Office)

$__500.00__ **Total** RCW 9.94A.760

[  ]    The above total does not include all restitution or other legal financial obligations, which may be set by later order of the court. An agreed restitution order may be entered.  RCW 9.94A.753. A restitution hearing:
    [  ]    shall be set by the prosecutor

[  ]    is scheduled for _____

[  ]    The defendant waives any right to be present at any restitution hearing (sign initials):_____

[  ]    *Restitution.* Schedule attached.

[  ]    Restitution ordered above shall be paid jointly and severally with:

RJN

| *NAME* of other defendant | *Cause Number* | Victim Name) | (Amount$) |

_____

_____

[✓]    The Department of Corrections (DOC) or clerk of the court shall immediately issue a Notice of Payroll Deduction. RCW 9.94A.7602, RCW 9.94A.760(8)

[✓]    All payments shall be made in accordance with the policies of the clerk of the court and on a schedule established by DOC or the clerk of the court, commencing immediately, unless the court specifically sets forth the rate here: Not less than $ _25_ per month commencing _9/5/14_ RCW 9.94A.760.

The defendant shall report to the Spokane County Superior Court Clerk's Office immediately after sentencing if out of custody or within 48 hours after release from confinement if in custody. The defendant is required to keep an accurate address on file with the Clerk's Office and to provide financial information when requested by the Clerk's Office. The defendant is also required to make payments on the legal-financial obligations set by the court. **Failure to do any of the above will result in a warrant for your arrest.** RCW 9.94A.760(7)(b).

[  ]    The Court orders the defendant to pay costs of incarceration at the rate of $ _____ per day, (actual costs not to exceed $100 per day). *(JLR)* RCW 9.94A.760. (This provision does not apply to costs of incarceration collected by DOC under RCW 72.09.111 and 72.09.480.)

The financial obligations imposed in this judgment shall bear interest from the date of the Judgment until payment in full, at the rate applicable to civil judgments. RCW 10.82.090. An award of costs on appeal against the defendant may be added to the total legal financial obligations. RCW 10.73.160

**4.4    DNA Testing.** The defendant shall have a biological sample collected for purposes of DNA identification analysis and the defendant shall fully cooperate in the testing. The appropriate agency shall be responsible for obtaining the sample prior to the defendant's release from confinement. This paragraph does not apply if it is established that the Washington State Patrol crime laboratory already has a sample from the defendant for a qualifying offense. RCW 43.43.754 **FAILURE TO REPORT FOR TESTING MAY BE CONSIDERED CONTEMPT OF COURT.**

[  ] *HIV Testing.* The defendant shall submit to HIV testing. RCW 70.24.340 **FAILURE TO REPORT FOR TESTING MAY BE CONSIDERED CONTEMPT OF COURT.**

[  ]    The victim, based upon their request, shall be notified of the results of the HIV test whether negative or positive. (Applies only to victims of sexual offenses under RCW 9A.44.) RCW 70.24.105(7)

**4.5    No Contact:**

[ ]   The Defendant shall not have contact with _____
_____ (name, DOB) including, but not limited to, personal,
verbal, telephonic, written or contact through a third party until _____ (which does not
exceed the maximum statutory sentence.)

[ ]   The defendant is excluded or prohibited from coming within _____
(distance) of: [ ] _____  _____(name of protected
person(s))'s  [ ] home/residence [ ] work place [ ] school [ ] (other location(s))

_____
_____, or [ ] other location _____
_____, until _____ (which does not
exceed the maximum statutory sentence).

[ ]   A separate Domestic Violence No-Contact Order or Anti-Harassment No-Contact
Order is filed concurrent with this Judgment and Sentence.

**4.6   Other:**_____
_____
_____

**4.7   Off Limits Order** (Known drug trafficker)  RCW 10.66.020.  The following areas are off
limits to the defendant while under the supervision of the County Jail or Department of
Corrections _____

## V. Notices and Signatures

**5.1   Collateral Attack on Judgment.**  If you wish to petition or move for collateral attack on
this Judgment and Sentence, including but not limited to any personal restraint petition,
state habeas corpus petition, motion to vacate judgment, motion to withdraw guilty plea,
motion for new trial or motion to arrest judgment, you must do so within one year of the
final judgment in this matter, except as provided for in RCW 10.73.100.  RCW 10.73.090

**5.2   Length of Supervision.**  If you committed your offense prior to July 1, 2000, you shall
remain under the court's jurisdiction and the supervision of the Department of
Corrections for a period up to ten years from the date of sentence or release from
confinement, whichever is longer, to assure payment of all legal financial obligations
unless the court extends the criminal judgment an additional 10 years.  If you committed
your offense on or after July 1, 2000, the court shall retain jurisdiction over you, for the
purposes of your compliance with payment of the legal financial obligations, until you
have completely satisfied your obligation, regardless of the statutory maximum for the
crime.  RCW 9.94A.760 and RCW 9.94A.505(5).  The clerk of the court has authority to
collect unpaid legal financial obligations at any time while you remain under the
jurisdiction of the court for purposes of your legal financial obligations.    RCW
9.94A.760(4) and RCW 9.94A.753(4).

**5.3   Notice of Income-Withholding Action.**  If the court has not ordered an immediate
notice of payroll deduction in Section 4.1, you are notified that the Department of
Corrections (DOC) or the clerk of the court may issue a notice of payroll deduction
without notice to you if you are more than 30 days past due in monthly payments in an
amount equal to or greater than the amount payable for one month.  RCW 9.94A.7602.

WORKING COPY

Other income-withholding action under RCW 9.94A.760 may be taken without further notice. RCW 9.94A.7606

**5.4    Community Custody Violation.**
(a) If you are subject to a first or second violation hearing and DOC finds that you committed the violation, you may receive as a sanction up to 60 days of confinement per violation. RCW 9.94A.633.
(b) If you have not completed your maximum term of total confinement and you are subject to a third violation hearing and DOC finds that you committed the violation, DOC may return you to a state correctional facility to serve up to the remaining portion of your sentence. RCW 9.94A.714.

**5.5    Firearms. You may not own, use or possess any firearm, and under federal law any firearm or ammunition,** unless your right to do so is restored by the court in which you are convicted or the superior court in Washington State where you live, and by a federal court if required. **You must immediately surrender any concealed pistol license.** (The clerk of the court shall forward a copy of the defendant's driver's license, identicard, or comparable identification, to the Department of Licensing along with the date of conviction or commitment). RCW 9.41.040, 9.41.047.

**5.6    Reserved.**

**5.7    Motor Vehicle:** If the court found that you used a motor vehicle in the commission of the offense, then the Department of Licensing will revoke your driver's license. The clerk of the court is directed to immediately forward an Abstract of Court Record to the Department of Licensing, which must revoke your driver's license. RCW 46.20.285.

**5.8    Other: Any pre-trial surety bond not previously forfeited shall be exonerated.**

_____

_____

_____

***Done*** in Open Court in the presence of the defendant this date    8 / 28 / 12 .

Judge/Print Name:    SALVATORE F. COZZA

JOHN E. LOVE
Deputy Prosecuting Attorney
WSBA# 26748

EVAN D. MARKEN
Attorney for Defendant
WSBA# 44060

HERIBERTO MARTINEZ-VARGAS
Defendant

***Voting Rights Statement:*** I acknowledge that I have lost my right to vote because of this felony conviction. If I am registered to vote, my voter registration will be cancelled.

My right to vote is provisionally restored as long as I am not under the authority of DOC (not serving a sentence of confinement in the custody of DOC and not subject to community custody as defined in RCW 9.94A.030). I must register before voting. The provisional right to vote may be revoked if I fail to comply with all the terms of my legal financial obligations or an agreement for the payment of legal financial obligations.

My right to vote may be permanently restored by one of the following for each felony conviction: a) a certificate of discharge issued by the sentencing court, RCW 9.94A.637; b) a court order issued by the sentencing court restoring the right, RCW 9.92.066; c) a final order of discharge issued by the indeterminate sentence review board, RCW 9.96.050; or d) a certificate of restoration issued by the governor, RCW 9.96.020. Voting before the right is restored is a class C felony, RCW 92A.84.660. Registering to vote before the right is restored is a class C felony, RCW 29A.84.140.

Defendant's signature: _____.

I am a certified or registered interpreter, or the court has found me otherwise qualified to interpret, in the _____ language, which the defendant understands. I interpreted this Judgment and Sentence for the defendant into that language.

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed at _____, on_____

      (city)                (state)            (date)

_____      _____

Interpreter                     Print Name

WORKING COPY

## IDENTIFICATION OF DEFENDANT

SID No.

(If no SID take fingerprint card for State Patrol)

FBI No.

PCN No.

DOB 03/29/1984

Alias name

Date of Birth 03/29/1984

Local ID No. 0340253

Other

| Race: | | | Ethnicity: | Sex: |
|---|---|---|---|---|
| [ ] Asian/Pacific Islander | [ ] Black/African-American | [ ] Caucasian | [ ] Hispanic | [ ] Male |
| [ ] Native American | [ ] Other:_____ | | [ ] Non-hispanic | [ ] Female |

**Fingerprints** I attest that I saw the defendant who appeared in Court affix his or her fingerprints and signature on this document.

THOMAS R. FALLQUIST, Clerk of the Court

_C Coulton_ , Deputy Clerk.

Dated: 8/28/12

The defendant's signature: _____

| Left 4 fingers taken simultaneously | Left Thumb | Right Thumb | Right 4 fingers taken simultaneously |
|---|---|---|---|